```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

STEWART THOMAS MICHAELS,

       Plaintiff,

v.                                    Civil Action No. 5:15CV59
                                                       (STAMP)
DEE WEST, Director
of Inmate Services,
BRIAN McCLAIN,
Jail Administrator
and RANDY MANN,

       Defendants.


**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING MAGISTRATE**
**JUDGE'S REPORT AND RECOMMENDATION,**
**GRANTING DEFENDANTS' MOTION TO DISMISS**
**AND DENYING PLAINTIFF'S MOTION TO STRIKE**

The pro se[1] plaintiff filed this civil action asserting claims under 42 U.S.C. § 1983 on the court-approved § 1983 form complaint provided by the Clerk of Court. The case was referred to United States Magistrate Judge James E. Seibert under Local Rule of Prisoner Litigation Procedure 2. The defendants moved to dismiss the complaint for failure to state a claim upon which relief can be granted, under Federal Rule of Civil Procedure 12(b)(6), and the plaintiff filed a motion to strike the defendants' reply memorandum. Magistrate Judge Seibert issued a report recommending that the defendants' motion to dismiss be granted and that the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

plaintiff's motion to strike be denied. The plaintiff did not file objections to the report and recommendation. For the following reasons, this Court affirms and adopts the report and recommendation, dismisses the plaintiff's complaint, and denies the plaintiff's motion to strike.

I. Background

The plaintiff, Stewart Thomas Michaels ("Michaels"), was an inmate at the North Central Regional Jail ("the Jail"). He filed this civil rights action under 42 U.S.C. § 1983 alleging that the defendants deprived him of his First Amendment right to free exercise of religion, violated the Religious Land Use and Institutionalized Persons Act ("RLUIPA") (codified in scattered sections of 42 U.S.C.), and subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Specifically, Michaels alleges that the defendants denied him the vegetarian diet required by his religious beliefs, and that their failure to do so resulted in his inability to eat and in a vitamin deficiency. The Jail provided a three-level grievance process. Michaels filed several grievances regarding these issues, but pursued only level-one and level-two grievances.

The defendants filed a motion to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Its supporting memorandum included an affidavit from Jackie T. Binion ("Binion"), the Chief of Operations for the West Virginia Regional Jail and

Correctional Facility Authority ("the Authority"), stating that the Authority requires the Jail to have a three-level inmate grievance procedure. After the motion was fully briefed, Michael filed a motion to strike the defendants' reply memorandum. Magistrate Judge James E. Seibert issued a report recommending that the defendants' motion to dismiss be granted as a motion for summary judgement because Michaels failed to exhaust his administrative remedies. He also recommended that Michaels' motion to strike be denied. Michaels did not file objections to the magistrate judge's report and recommendation.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed no objections to the report and recommendation, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

Under Rule 12(d), if "on a motion under Rule 12(b)(6) . . ., matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Under Federal Rule of Civil Procedure 56, this Court must grant a party's motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

3

Fed. R. Civ. P. 56(a). A fact is "material" if it might affect the outcome of the case. Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986). A dispute of material fact is "genuine" if the evidence "is such that a reasonable jury could return a verdict for the non-moving party." Id. If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," summary judgment must be granted against the plaintiff. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex, 477 U.S. at 322-23. "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992). However, "a party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).

4

III. Discussion

A. Exhaustion

Under the Prison Litigation Reform Act ("PLRA"), a prisoner must exhaust his available administrative remedies before filing an action under § 1983. 42 U.S.C. § 1997e(a). The prisoner must "us[e] all steps that the agency holds out[] and do[] so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006). Failure to exhaust is an affirmative defense, and the defendant bears the burden of establishing that the plaintiff failed to exhaust. Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008).

The Binion affidavit stated that the Authority requires the Jail to have a three-level inmate grievance procedure. Michaels admitted that he did not attempt to take any of his grievances through the third level of appeal. Magistrate Judge Seibert properly converted the defendants' motion to dismiss into a motion for summary judgment under Rule 12(d) by relying on the Binion affidavit. Based on that, the magistrate judge reasonably found that the Authority held out a three-step grievance process, and that Michaels failed to pursue the third step of review for his grievances in this matter. Therefore, this Court finds no error in the magistrate judge's findings and conclusions.

B. Motion to Strike

Michaels moved to strike the defendants' reply memoranda, arguing that it was barred by Federal Rule of Civil Procedure 7.

Magistrate Judge Seibert correctly noted that the defendants' motion to dismiss under Rule 12(b)(6) was not governed by Rule 7. He also correctly concluded that the motion should be converted into a motion for summary judgement because it was accompanied by the Binion affidavit. Under Local Rule of Civil Procedure 7.02(b)(2) and Local Rule of Prisoner Litigation Procedure 11.3, the defendants were permitted to file a reply. Thus, this Court finds no error in the magistrate judge's findings or conclusions.

IV. <u>Conclusion</u>

For the reasons set forth above, this Court finds no clear error in the magistrate judge's findings or conclusions. Therefore, the magistrate judge's report and recommendation (ECF Nos. 30) is AFFIRMED AND ADOPTED. Accordingly, the defendants' motion to dismiss (ECF No. 18), construed as a motion for summary judgment, is GRANTED, and the plaintiff's motion to strike (ECF No. 27) is DENIED.

It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this

matter.  See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.  Under Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 7, 2016

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE